IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

TOMMY L. GRANVILLE, JR.,             §
                                     §
              Plaintiff,             §
                                     §
v.                                   §     CIVIL ACTION NO. H-03-3002
                                     §
SUCKAFREE RECORDS, INC.,             §
WESLEY ERIC WESTON p/k/a "LIL        §
FLIP," ESTELLE DOUGLAS HOBBS,        §
JR. a/k/a "HUMP," SONY BMG           §
MUSIC ENTERTAINMENT, INC. (as        §
successor in interest for Sony       §
Music), Individually and d/b/a       §
COLUMBIA RECORDS, LOUD RECORDS,      §
LLC, LUCKY PUBLISHING COMPANY,       §
and HOBBS PUBLISHING COMPANY,        §
                                     §
              Defendants.            §


<u>MEMORANDUM AND ORDER</u>


Pending are the following post-trial motions: Plaintiff's
Motion and Brief for Attorneys' Fees Pursuant to 17 U.S.C. § 505
(Document No. 358), Bill of Costs (Document No. 359), Motion for an
Award of Pre-Judgment and Post-Judgment Interest (Document No.
360), and Motion for Permanent Injunction and Destruction of All
Infringing Materials (Document No. 361); Defendants Sony BMG Music
Entertainment, Inc.'s ("Sony BMG") Motion for Indemnity from
Suckafree Records, Inc. (Document No. 366); Sony BMG's, Loud
Records, LLC's, and Lucky Publishing Company's (collectively, the
"Sony Defendants") Motion for Judgment as a Matter of Law (Document
No. 365); the Sony Defendants' and Defendant Wesley Eric Weston

p/k/a "Lil Flip"'s ("Weston") Motion for Leave to File Defendants' Response to Plaintiff's Motion for an Award of Post-Judgment Interest (Document No. 378); and Suckafree Records, Inc.'s ("Suckafree") Motion for Enforcement of Indemnification Agreement Against Defendant Wesley Weston (Document No. 364). After having carefully considered the motions, responses, replies, and the applicable law, the Court concludes as follows:

I.  Discussion

A.  The Sony Defendants' Motion for Judgment as a Matter of Law

The Sony Defendants move for judgment as a matter of law on the issue of willfulness. Although they do not challenge the jury verdict on liability, they insist that Plaintiff's evidence was legally insufficient to support a finding that they acted willfully. Plaintiff correctly points out, however, that the Sony Defendants did not move for judgment as a matter of law on willfulness at any time before the case was submitted to the jury, either at the conclusion of the evidence or in response to the proposed jury instructions. *See* Document No. 373 ex. 1 (motions at the close of Plaintiff's evidence); ex. 2 (motions at the close of all evidence); ex. 3 (objections to the jury charge). The Sony Defendants therefore waived their right to file a post-verdict motion for judgment as a matter of law under Federal Rule of Civil Procedure 50(b). *See* United States ex re. Wallace v. Flintco,

2

<u>Inc.</u>, 143 F.3d 955, (5th Cir. 1998) ("A party that fails to move for judgment as a matter of law under Rule 50(a) on the basis of insufficient evidence at the conclusion of all of the evidence waives its right to file a renewed post-verdict Rule 50(b) motion[.]"); <u>Wallace v. Methodist Hosp. Sys.</u>, 85 F. Supp. 2d 699, 706-07 (S.D. Tex. 2000) (Rosenthal, J.) ("A district court may review a party's post-verdict motion for judgment as a matter of law only if the party first moved for JMOL at the conclusion of all the evidence in the case.   A motion for JMOL at the close of evidence is a prerequisite to the district court's review of a post-verdict motion for JMOL, being virtually jurisdictional.") (internal citations and quotation marks omitted).   The Sony Defendants' Motion for Judgment as a Matter of Law (Document No. 365) is therefore denied.[1]

B.   <u>Plaintiff's Motion for an Award of Attorneys' Fees and Costs under § 505 of the Copyright Act</u>

Under § 505 of the Copyright Act, a court has discretion to allow the recovery of costs, including "a reasonable attorney's fee," to "the prevailing party."   17 U.S.C. § 505.   "This fee shifting provision is symmetrical: costs and attorney's fees are

---

[1] Sony BMG's Motion for Indemnity from Suckafree (Document No. 366) is expressly "predicated upon the Court's . . . ruling as a matter of law that Sony BMG did not act willfully in infringing Plaintiff's copyright in the song *Texas Boyz*."   *See* Document No. 366 at 1.   Accordingly, Sony BMG's Motion for Indemnity (Document No. 366) is also denied.

equally available to prevailing plaintiffs and defendants." <u>Baker v. Urban Outfitters, Inc.</u>, --F. Supp. 2d--, 2006 WL 1234966, at *3 (S.D.N.Y. May 8, 2006) (citing <u>Fogerty v. Fantasy, Inc.</u>, 114 S. Ct. 1023, 1033 (1994) ("Prevailing plaintiffs and prevailing defendants are to be treated alike[.]")).

The jury found that Defendants willfully infringed Plaintiff's musical piece entitled "Welcome to Texas" (Disk 1, Track 4 on "The Works of Tomi Gran: Volume 2") by using Granville's chords and/or beat as background for Weston's rap lyrics in his song "Texas Boyz," for which the jury awarded Plaintiff $150,000 in statutory damages. Plaintiff therefore contends he is the prevailing party and is entitled to recover $79,043.60 in costs and $1,223,789.75 in attorney's fees. *See* Document No. 358 at 15; Document No. 359.[2] This astonishing attorney's fees claim reveals much about how poorly both sides evaluated, pled, prepared, and litigated this case. Defendants also claim--no less than Plaintiff--to be the prevailing parties. Defendants point out that (1) three days into trial, Plaintiff withdrew his claim that Defendants infringed his musical piece entitled "Bring the Jazz Back" (from "The Works of Tommy Granville, Jr.") used in the song "What I Been Through"; (2) the jury found that Defendants did not infringe either

---

[2] Plaintiff concedes that this Court may reduce the amount of recoverable fees "to reflect the absence of complete success on all of Plaintiff's claims," but contends that he should at least be awarded 40% of his claimed fees, or $489,515.90. *See* Document No. 358 at 14-15.

Plaintiff's musical piece entitled "My Life" (Disk 5, Track 24 on "The Works of Tomi Gran: Volume 5") used in the song "What I Been Through," or his musical piece entitled "For My Mama" (Disk 5, Track 25 on "The Works of Tomi Gran: Volume 5") used in the song "Make Mama Proud"; and (3) the Court granted summary judgment to Defendants on, *inter alia*, Plaintiffs' claim for multiple statutory damage awards for infringement of "Welcome to Texas" (Disk 1, Track 4 on "The Works of Tomi Gran: Volume 2") in the song "Texas Boyz." *See* Document No. 367 at 3-5.  Alternatively, Defendants argue that even if Plaintiff were considered the sole prevailing party, an award of costs and attorney's fees to Plaintiff is not warranted under the circumstances of this case.

The "prevailing party" under § 505 is generally the party "who succeeds on a significant issue in the litigation that achieves some of the benefits the party sought in bringing suit." Warner Bros., Inc. v. Dae Rim Trading, Inc., 877 F.2d 1120, 1126 (2d Cir. 1989).  Plaintiff, who the evidence showed was able to play a synthesizer and composed certain combinations of chords and beats that he aspired to market as background musical pieces for rap lyrics, prevailed on one claim of copyright infringement out of a host of claims he alleged against Defendants.  Defendants prevailed on all of the other copyright infringement and other claims filed by Plaintiff, including the infringement claim withdrawn by Plaintiff during trial.  *See* id. ("Warner sued for infringement of

5

both the 'Gizmo' and 'Stripe' copyrights.  Its withdrawal of the latter claim in effect made the defendants the prevailing parties on that issue.") (citation omitted).  In one sense, therefore, both Plaintiff and Defendants "prevailed" on the copyright claims or, looking at it from the backside, neither Plaintiff nor Defendants can be regarded as the prevailing party.  *See* <u>Video Views, Inc. v. Studio 21, Ltd.</u>, 925 F.2d 1010, 1022 (7th Cir. 1991) ("We agree with the district court's finding that *neither* Video Views, who prevailed on but two of its seven infringement claims, *nor* Studio 21, who wound up on the wrong end of a $10,000 judgment, can be deemed the 'prevailing party.'") (emphasis added); <u>ARP Films, Inc. v. Marvel Entm't Group, Inc.</u>, 952 F.2d 643, 651 (2d Cir. 1991) ("In view of the mixed outcome of this litigation, the district court was well within its discretion in concluding that plaintiffs were not prevailing parties within the meaning of section 505 or Fed. R. Civ. P. 54(d), and accordingly were not entitled to costs or attorneys' fees.").

To prevail on but one out of several copyright claims does not in and of itself entitle Plaintiff to an award of costs and attorneys' fees.  Although awarding attorney's fees "is the rule rather than the exception" in copyright cases, <u>Positive Black Talk, Inc. v. Cash Money Records, Inc.</u>, 394 F.3d 357, 381 (5th Cir. 2004) (citations omitted), the decision whether to make such an award is left to the discretion of the district court, <u>Fogerty</u>, 114 S. Ct.

at 1033 ("[A]ttorney's fees are to be awarded to prevailing parties only as a matter of the court's discretion."). *See also* <u>Warner Bros.</u>, 877 F.2d at 1127 ("[T]he determination as to which party 'prevailed' does not per se control the awarding of attorneys' fees.  In the district court's discretion, fees need not be awarded if the award would not vindicate underlying statutory polices or it would be inequitable.") (citing <u>Lieb v. Topstone Indust., Inc.</u>, 788 F.2d 151, 155 (3d Cir. 1986)).  Among the factors to be considered are "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." <u>Fogerty</u>, 114 S. Ct. at n.19 (quoting <u>Lieb</u>, 788 F.2d at 156); *see also* <u>Positive Black Talk</u>, 394 F.3d at 381.

Inasmuch as Plaintiff prevailed on only one of four copyright claims, not to mention having failed on all of Plaintiff's non-copyright claims for Lanham Act violations, unfair trade practices, unfair competition, and Phonograms Convention violations, Plaintiff vigorously claims it is entitled to attorney's fees for having successfully overcome some of Defendants' defenses, which Plaintiff contends were "completely baseless."  Although the jury rejected Defendants' joint works and implied license defenses, those copyright defenses were not frivolous or objectively unreasonable.  To the contrary, Defendants presented evidence sufficient to

support a jury finding on either defense; the fact that the jury ultimately found for Plaintiff on those defenses does not render the defenses, or Defendants' decision to litigate them, frivolous or objectively unreasonable. Likewise, although the writing requirement set forth in 17 U.S.C. § 204(a) precluded Defendants from prevailing on their copyright transfer defense with respect to the song "Texas Boyz," Defendants' argument made under Federal Rule of Evidence 1004(1) was neither frivolous nor objectively unreasonable. Finally, although the Court ultimately determined that Defendants' unclean hands defense was not applicable on the facts of this case, the defense was not "completely baseless," nor was the inclusion of an "innocent infringer" instruction in the jury charge factually unreasonable.

Plaintiff, on the other hand, did make a factual assertion that bordered on the objectively unreasonable when he claimed that the "Work for Hire" agreements introduced into evidence by Defendants were not the same work for hire agreements that he signed, and that he was entitled to a staggering $4,000,000 for the unauthorized use of his musical compositions in the songs, "What I Been Through," "Make Mama Proud, and "Texas Boyz." In finding that Plaintiff in fact signed the agreements relied on by Defendants, the jury completely rejected Plaintiff's testimony to the contrary.

Moreover, although Plaintiff faults Suckafree for pursuing unsuccessful counterclaims for breach of contract, promissory

8

estoppel, and fraud, Plaintiff pursued equally unsuccessful claims for state-law unfair trade practices and violations of the Lanham Act and Phonograms Convention. The fact that Suckafree's counterclaims proceeded to trial, while Plaintiff's claims were dismissed at the pleading stage, does not render Suckafree's decision to pursue its counterclaims any more burdensome or frivolous than Plaintiff's decision to pursue his claims. If anything, both Plaintiff and Suckafree pursued untenable non-copyright claims that more skillful lawyers in all likelihood would not have done, but there is no independent evidence that the parties' motivations for doing so were improper. Likewise, although Plaintiff complains that many of Defendants' filings in this suit were unnecessary and duplicative, needlessly complicating this litigation, and required extensive briefing by Plaintiff in opposition, all of that is no less true of Plaintiff's filings. In sum, there was ample frivolousness and objective unreasonableness in filings by all parties in this case, which poorly reflected upon counsel, evidenced their inability to judge the real value of the case, and caused undue and needless contentiousness. This surely is not the sort of conduct that Congress desired to incentivize by providing for recovery of legal fees.

Plaintiff also argues that the particular circumstances here warrant attorney's fees as a deterrence. Plaintiff's suggestion that Defendants engaged in "bad faith conduct during this case,"

however, lacks merit.  Plaintiff focuses on Defendants' failure to produce certain documents by the 2004 discovery deadline set by Magistrate Judge Stacy.[3]  For this failure, however, Judge Stacy a year ago sanctioned Defendants by ordering them to pay to Plaintiff $12,961.15 for Plaintiff's reasonable attorney's fees and costs, which sanction was paid by Defendants long ago.  *See* Document Nos. 178, 217.  Additionally, given that Defendants missed the discovery deadline by only a couple of weeks and that Plaintiff voluntarily retained the late-produced documents and had them in his possession for many months before taking depositions and for over a year before the trial began, the Court found that Plaintiff had sustained no harm by the late production.  *See* Document No. 277.

Moreover, contrary to Plaintiff's contention, it was not "shown at trial that documents ordered by Judge Stacy to be produced were withheld from production back at Sony Headquarters." *See* Document No. 377 at 6-7.  The trial testimony Plaintiff cites concerned cancelled checks that Sony BMG maintains in its accounting archives, *not* the checks and check ledgers that the

---

[3] Plaintiff makes the additional allegation that Defendants have engaged in "illegal and unethical conduct" "outside the Courtroom"--"such as installing illegal spy-ware on their CDs, being found guilty of 'payola' to disk jockeys, burdening the court system with 1000's of court filings in the last year and a half, and, lately, being placed under investigation for price fixing." *See* Document No. 377 at 7.  These allegations, even if true, have no bearing on the copyright issues presently before this Court, and the Court declines to premise an award of costs and attorneys' fees on unsubstantiated allegations that have nothing to do with this case.

Suckafree Defendants failed timely to disclose during discovery and
that Judge Stacy referred to in her sanctions order.  *See* Document
No. 178 at 6-7.  Plaintiff did not establish that he requested, let
alone that Defendants improperly withheld, the cancelled checks
discussed at trial.[4]  Accordingly, Defendants did not engage in bad
faith conduct that warrants awarding Plaintiff costs and attorney's
fees under § 505 of the Copyright Act.

Circumstances similar to this case were present in <u>Shady
Records, Inc. v. Source Enterprises, Inc.</u>, 371 F. Supp. 2d 394
(S.D.N.Y. 2005), in which the court held:

> In this case, it would be entirely inequitable for
> either party to be awarded costs, let alone attorneys'
> fees.  As the Court has repeatedly noted, this case has
> been litigated on both sides in a manner that greatly
> escalated the number of issues to be resolved and the
> expenses of both parties.
>
> * * *
>
> In light of the litigation excesses of both sides,
> the Court has resisted the repeated cries of both parties
> for sanctions.  The most equitable result, in light of
> the totality of the circumstances, is for each side to
> bear its own costs.

<u>Shady Records</u>, 371 F. Supp. 2d at 399.  *See also* <u>Warner Bros.</u>, 877
F.2d at 1126 ("Viewed in the light of the litigation as a whole,

---

[4] Nonetheless, even assuming *arguendo* that the Sony Defendants
improperly withheld financial documents related to sales of the
*Undaground Legend* album, there was no harm to Plaintiff because
those documents were relevant only to Plaintiff's claim for actual
damages based on the two songs that the jury found Plaintiff to
have expressly authorized Defendants to use.

. . . neither Warner's nor Dae Rim's success was sufficiently significant to mandate an award of attorneys' fees."); CrossPointe, LLC v. Integrated Computing, Inc., 2005 WL 1677460, at *4-8 (denying both the plaintiff's and the defendant's claims for attorneys' fees and costs under § 505 of the Copyright Act and/or Federal Rule of Civil Procedure 54(d) based in part on "the particular contentiousness" in the case and both parties' "misjudgment of the value of the case").

After careful consideration of the three-year history of this case, the level of objectively unreasonable and at times frivolous filings that Plaintiff (and sometimes Defendants) made, the gross misjudgment of Plaintiff regarding the value of his case and the extravagant wastefulness of time and resources that flowed from that misjudgment, the excessively contentious conduct of the parties, the fact that Defendants ultimately prevailed on all copyright claims except one, for which Plaintiff was able to establish only statutory damages, and the absence of any particular circumstances that require an award of attorney's fees to deter Defendants from further copyright violations or additionally to compensate Plaintiff, the Court concludes that each side should bear its own attorney's fees and costs.

Accordingly, Plaintiff's motion for attorney's fees and costs is denied.  Each party will bear its own costs and fees.

C.   Plaintiff's Motion for an Award of Pre- and Post-Judgment Interest[5]

The parties correctly agree that Plaintiff is entitled to post-judgment interest, but Defendants dispute Plaintiff's entitlement to prejudgment interest on the jury's award of statutory damages. Plaintiff concedes that the Copyright Act does not specifically authorize an award of prejudgment interest. The Fifth Circuit has not addressed the issue, and other courts of appeals have taken varied approaches. *Compare* Polar Bear Prods., Inc. v. Timex Corp., 384 F.3d 700, 716-18 (9th Cir. 2004) (holding that prejudgment interest is available under § 504(b) of the Copyright Act, which authorizes the recovery of actual damages and profits in an infringement action), *and* McRoberts Software, Inc. v. Media 100, Inc., 329 F.3d 557, 572-73 (7th Cir. 2003) (upholding the district court's award of prejudgment interest on a damages-plus-profits award), *and* Kleier Adver., Inc. v. Premier Pontiac, Inc., 921 F.2d 1036, 1041-42 (10th Cir. 1990) (same), *with* John G. Danielson, Inc. v. Winchester-Conant, 322 F.3d 26, 51 (1st Cir. 2003) (finding that the district court did not abuse its discretion in denying an award of prejudgment interest where "the entire damages award was comprised of disgorged profits from an infringer,

---

[5] The Sony Defendants' and Weston's Motion for Leave to File Defendants' Response to Plaintiff's Motion for an Award of Post-Judgment Interest (Document No. 378), to which Plaintiff has not filed a brief in opposition and which is therefore deemed unopposed pursuant to Local Rule 7.4, is granted.

because, unlike actual damages, the plaintiff never had those funds and so deserved no compensation for the lost use of the money while the case was pending"), *and* <u>Robert R. Jones Assocs., Inc. v. Nino Homes</u>, 858 F.2d 274, 282 (6th Cir. 1988) (holding that an award of prejudgment interest was not appropriate where the measure of damages was the defendant's profits under 17 U.S.C. § 504(b)).

Importantly, however, none of these cases from other circuits considers the propriety of awarding prejudgment interest when the underlying damage award is comprised entirely of *statutory* damages under 17 U.S.C. § 504(c).  The precedent of this Court is that prejudgment interest is not available on such an award.  *See* <u>Blackmer v. Monarch Holdings (USA), Inc.</u>, 2002 WL 32361935, at *5 (S.D. Tex. July 11, 2002) (Hittner, J.) ("The Court determines that Plaintiff may not recover prejudgment interest on his recovery of statutory damages under the Copyright Act.") (citing Jon M. Powers, <u>The Copyright Act of 1976 & Prejudgment Interest</u>, 94 Mich. L. Rev. 1326, 1329-30 (1996) (arguing that prejudgment interest should be presumptively available on damages-plus-profits awards but should not be available for statutory damages)); *accord* <u>Broadcast Music, Inc. v. Nortel Grill, Inc.</u>, 1991 WL 172079, at *2 (W.D.N.Y. Aug. 27, 1991).[6]

_____

[6] *But see* <u>TVT Records v. Island Def Jam Music Group</u>, 279 F. Supp. 2d 366, 409-10 (S.D.N.Y. 2003), *rev'd on other grounds*, 412 F.3d 82 (2d Cir. 2005); <u>Broadcast Music, Inc. v. R Bar of Manhattan, Inc.</u>, 919 F. Supp. 656, 661 (S.D.N.Y. 1996); <u>Paramount Pictures Corp. v. Metro Program Network, Inc.</u>, 1991 WL 348168, at

Even if prejudgment interest were available on an award of statutory damages, such an award would not be warranted here. There was no evidence of Plaintiff having suffered any actual damages or of Defendants having received any profits from Plaintiff's work, which are the circumstances where prejudgment interest is customarily awarded.  The $150,000 damages award is a statutory sum, rather than an approximation of any damages suffered by Plaintiff or any profits to Defendants from the unauthorized use of Plaintiff's musical composition, and there is no evidence that the damages award is insufficient to provide full compensation to Plaintiff.  Nor would an award of prejudgment interest in this case advance the congressional policies of the Copyright Act, given that, in the absence of evidence of actual damages, Congress has specifically capped the amount of damages that a plaintiff can recover for willful infringement at $150,000, without any express provision for prejudgment interest thereon.  Plaintiff's motion for prejudgment interest on the statutory damage award will therefore be denied.

D.   <u>Plaintiff's Motion for a Permanent Injunction and Destruction of All Infringing Materials</u>

Plaintiff asks the Court "to issue a permanent injunction preventing any future infringement, to order the Defendants to

---

*12 (N.D. Iowa Apr. 8, 1991) (unpublished).

provide Plaintiff with a list of distributors, wholesalers, and retailers that are infringing (or could infringe) the Plaintiff's copyrighted work by selling the *Undaground Legend* album or the song "Texas Boyz" in any format, and to order the impounding and destruction of all infringing materials, including all copies of the *Undaground Legend* album." Document No. 361 at 2. Defendants oppose each of these requests.

Under § 502(a) of the Copyright Act, a court may grant temporary and permanent injunctions on such terms as the court may deem reasonable to prevent or restrain infringement of a copyright. 17 U.S.C. § 502(a). Although "[p]ermanent injunctive relief is never lightly given," <u>Playboy Enters., Inc. v. Webbworld, Inc.</u>, 991 F. Supp. 543, 561 (N.D. Tex. 1997) (internal quotation marks and citations omitted), "[c]ourts have traditionally granted permanent injunctions where a continuing threat of copyright infringement exists and liability has been established," <u>Cent. Point Software, Inc. v. Nugent</u>, 903 F. Supp. 1057, 1060 (E.D. Tex. 1995).[7]

It is undisputed that the jury found Defendants liable for infringing Plaintiff's chords and/or beats used in the song "Texas

---

[7] The Suckafree Defendants' argument that Plaintiff has waived his claim for injunctive relief is without merit. *See* Document No. 187 ¶¶ 48–55, 65(d); FED. R. CIV. P. 54(c); *see also* <u>Rocket Jewelry Box, Inc. v. Quality Int'l Packaging, Ltd.</u>, 90 Fed. Appx. 543, 547 (Fed. Cir. Feb. 12, 2004) (unpublished) (holding that a patent infringement plaintiff's failure to request a permanent injunction in the Joint Pretrial Order did not constitute a waiver of that claim).

Boyz," but Weston and the Sony Defendants argue that there is no evidence of a continuing threat of copyright infringement. Plaintiff disagrees and submits a printout dated March 22, 2006, from a Sony BMG website, which lists for sale copies of the *Undaground Legend* album that include a second disc (presumably the infringing bonus disc) containing the song "Texas Boyz." *See* Document No. 380 exs. 1-2.[8]  Based on this evidence, the Court finds a sufficient threat of continued copyright infringement to justify the entry of a permanent injunction, as follows:

> It is ORDERED that Defendants, their officers, agents, servants, employees, attorneys, and all those acting in concert with them who receive actual notice of this Order, are hereby ENJOINED from infringing Plaintiff's rights under federal copyright law in the following copyrighted work: "Welcome to Texas" (Disc 1), Track 4, on "The Works of Tomi Gran (Volume 2)" (the "Copyrighted Work") used in the song, "Texas Boyz," including without limitation by performing, manu-facturing, selling, making available for internet download, or otherwise distributing the Copyrighted Work, except pursuant to a lawful license or the express authority of Plaintiff Tommy L. Granville, Jr.

Plaintiff also seeks the recall and destruction of all infringing materials, including all copies of the *Undaground Legend*

---

[8]  Plaintiff also submits printouts from the websites www.walmart.com and www.amazon.com in support of his motion for a permanent injunction. *See* Document No. 361 ex. 2. These retailers are not parties to this action, however, and an injunction against Defendants in this case will not apply to non-party entities unless, with actual notice of the injunction, they act in concert or participate with Defendants in infringing Plaintiff's musical piece in the *future*. *See* <u>Paramount Pictures Corp. v. Carol Pub'g Group, Inc.</u>, 25 F. Supp. 2d 372, 374-376 (S.D.N.Y. 1998).

album.  Section 503(b) of the Copyright Act provides that as part
of a final judgment or decree, the court may order the destruction
or other reasonable disposition of all copies or phonorecords found
to have been made or used in violation of the copyright owner's
exclusive rights, and of all masters or other articles by means of
which such copies or phonorecords may be reproduced.  17 U.S.C.
§ 503(b).  "This statute vests the Court with broad discretion to
fashion  appropriate  equitable  relief,  and  is  a  discretionary
provision of the Copyright Act."  TVT Records, 279 F. Supp. 2d at
407.

     In  fashioning  equitable  relief  and  balancing  the  equities,
consideration must be given to a number of factors.  The song that
the jury found to be infringing--"Texas Boyz"--appears only on a
limited edition bonus disc that accompanied approximately 300,000
copies of the *Undaground Legend* album that were manufactured and
released in 2002 in the first run distribution of the album.[9]
Although Sony BMG states it does not know how many copies of the
bonus  disc  remain  in  its  customers'  inventories,  there  is  no
evidence that any additional copies of the bonus disc have been
manufactured or distributed by Defendants since 2002.  It seems
likely that few sales are any longer being made of this four-year-

---

     [9] "Texas Boyz" does not appear on the *Undaground Legend* album
itself,  and  it  would  therefore  be  an  abuse  of  the  Court's
discretion to order copies of the *Undaground Legend* album recalled
and destroyed.

old disc this many years after it was produced and publicized and there is certainly no evidence of any ongoing robust sales. Moreover, "Texas Boyz" comprises only about 4½ minutes of the 31½ minutes of content on the bonus disc, which also contains six other original, non-infringing songs to which numerous other artists contributed their creative efforts.  Moreover, while Plaintiff created the "beat" or music portion of the one infringing song, Defendant Weston wrote and performed the lyrics and worked with Plaintiff to combine the music and lyrics into a marketable song. To recall and require destruction of the infringing bonus discs would cause general disruption in the marketplace and inflict burden and expense upon unknown numbers of other persons. Moreover, there would necessarily be a negative impact upon all of the other non-infringing artists whose time, talent, and resources created the works that make up the overwhelming majority of performances on the disc.  Weighing the equities under these total circumstances, and taking into account that a permanent injunction will issue to prohibit Defendants from performing, manufacturing, selling, making available for internet download, or otherwise distributing Granville's Copyrighted Work used in the song "Texas Boyz," the Court concludes that also to require a recall and destruction of the bonus discs is not warranted.  Except for the injunction granted above, Plaintiff's Motion for Permanent

Injunction and Destruction of All Infringing Materials (Document No. 361) is in all other respects DENIED.

E.   Suckafree's Motion for Enforcement of Indemnification Agreement Against Defendant Wesley Weston

On March 15, 2006, Defendants requested that the Court delay ruling on this indemnity motion until a judgment has been issued with respect to Plaintiff's claims and after Defendants have had an opportunity to mediate the indemnity dispute.  The indemnity motion presents unsettled issues of law, and the Court agrees that Suckafree and Weston should have a brief period of time in which to resolve the issue between themselves.  Therefore, the Court will defer ruling on Suckafree's indemnity motion for 30 days after the date of entry of this Memorandum and Order.  Suckafree and Weston shall forthwith choose a mediator upon whom they both agree and proceed to mediation without further order from the Court, and shall provide to the Court the results of the mediation, upon which a Final Judgment may be entered on this issue, no later than July 28, 2006.

II. Order

For the reasons set forth, it is

ORDERED that Plaintiff Tommy L. Granville's Motion and Brief for Attorneys' Fees Pursuant to 17 U.S.C. § 505 (Document No. 358) and Bill of Costs (Document No. 359) are DENIED.  It is further

20

ORDERED that Plaintiff's Motion for an Award of Pre-Judgment and Post-Judgment Interest (Document No. 360) is GRANTED IN PART, and Plaintiff will be awarded post-judgment interest on the Final Judgment issued in this case.  The motion is otherwise DENIED.  It is further

ORDERED that the Sony Defendants' Motion for Judgment as a Matter of Law (Document No. 365) and Sony BMG's Motion for Indemnity from Suckafree Records, Inc. (Document No. 366) are DENIED, and the Sony Defendants' and Weston's Motion for Leave to File Defendants' Response to Plaintiff's Motion for an Award of Post-Judgment Interest (Document No. 378) is GRANTED.  It is further

ORDERED that Defendants Suckafree and Weston shall proceed to mediation as required in the above Memorandum, and no later than July 28, 2006, shall provide to the Court the results of the mediation, upon which Final Judgment may be entered on the indemnification agreement between those parties.  It is further

ORDERED that Plaintiff's Motion for Permanent Injunction and Destruction of All Infringing Materials (Document No. 361) is GRANTED IN PART, as set forth in the foregoing Memorandum; and is otherwise in all things DENIED; and it is therefore

ORDERED that Defendants, their officers, agents, servants, employees, attorneys, and all those acting in concert with them who receive actual notice of this Order, are hereby ENJOINED from

21

infringing Plaintiff's rights under federal copyright law in the following copyrighted work: "Welcome to Texas" (Disc 1), Track 4, on "The Works of Tomi Gran (Volume 2)" (the "Copyrighted Work") used in the song, "Texas Boyz," including without limitation by performing, manufacturing, selling, making available for internet download, or otherwise distributing the Copyrighted Work, except pursuant to a lawful license or the express authority of Plaintiff Tommy L. Granville, Jr.

The Clerk shall notify all parties and provide them with a signed copy of this Order.

SIGNED at Houston, Texas, on this  28th  day of June, 2006.


                              EWING WERLEIN, JR.
                         UNITED STATES DISTRICT JUDGE